### SLAUSON et al. vs. THE CITY OF RACINE.

The provisions of sections 3 and 4, article IV of the constitution, concerning the
apportionment and establishing of senate and assembly districts once in five
years, do not create such an implied prohibition against any intermediate
changes of such districts as to prevent such changes as may arise incidentally
from an exercise of the acknowledged power of the legislature to change
the boundaries of the towns, cities or counties of which such districts may be
composed.

Where parts of a law are unconstitutional and other parts valid, yet it evidently
appears that the former were intended as compensations for the latter, and
the connection between them is such as to warrant the belief that the legisla-
ture would not have passed the valid parts alone, there the whole act should
be held inoperative.

Accordingly, where a statute annexed to the city of Racine, certain lands previ-
ously in the town of Racine, but contained an express proviso that the lands
so annexed should be taxed at a different and less rate than other lands in
the city, the latter provision being unconstitutional: Held, that the princi-
ple above stated was applicable, and that the entire act was inoperative.
COLE, J., dissenting.

APPEAL from the Circuit Court for Racine County.
The case is stated in the opinion of the court.

Wm. P. Lyon and C. E. Dyer, for appellant, as to the
power of the legislature to prescribe the boundaries of cities
and enlarge their limits, without the consent of the inhabi-
tants of the territory annexed, cited 2 Kent, 372; Ang. &

Ames on Corp., § 767 ; 1 Greenl. Ev., §331 ; *People vs. Draper*, 1 Smith (N. Y.), 561 ; *City of St. Louis vs. Russell*, 9 Missouri, 507 ; *Berlin vs. Gorham*, 34 N. H., 266 ; *Cheaney vs. Hooser*, 9 B. Mon., 330.  2. As to the proviso in the act restricting the tax on the agricultural lands annexed, to one-half of one per cent. each year, for city and ward purposes, they denied that the annexation was made upon the *condition* that the lands should be taxed as thus prescribed, but insisted that the 1st section of the act provided unconditionally for the extension of the city limits ; that the 2d section prescribed the mode in which the lands *already annexed* should be taxed ; and that although the clause in regard to taxation is unconditional, the balance of the act must stand, citing Sedg. on Stat. and Con. Law, 489 ; *Clark vs. Ellis*, 2 Blackf., 8 ; *Ely vs. Thompson*, 3 A. K. Marsh., 70 ; *Commonwealth vs. Kimball*, 24 Pick., 361 ; *Norris vs. City of Boston*, 4 Met., 288 ; *Fisher vs. McGirr*, 1 Gray, 21 ; *Ex. Bk. of Columbus vs. Hines*, 3 Ohio St., 34 ; *Commonwealth vs. Clapp*, 5 Gray, 100 ; *Same vs. Hitchings*, id., 485 ; *Shephardson vs. Mil. & Bel. R. R. Co.*, 6 Wis., 605 ; 1 Black. Com., 62.

*Cary & Pratt*, for respondent, contended that the whole act falls by reason of the repugnance of the proviso to the constitution.  *Voorhees vs. Bank U. S.*, 10 Peters, 449, 471 ; *Wayman vs. Southard*, 10 Wheat., 1, 30 ; *New Jersey vs. Wilson*, 7 Cranch, 164 ; Sedg. on S. & C. Law, 62 ; *Att'y Gen'l vs. Governors, &c.*, Fitzgibbon's R., 195, cited in 9 Bacon's Abr., 243 ; 4 Zabriskie, 80 ; *Campbell's Case*, 2 Bland, 209 ; *Norton vs. Reed*, 6 Wis., 522.  When the parts of a statute are so mutually connected and dependent as conditions, considerations or compensations for each other, as to warrant a belief that the legislature would not have passed the residue independently, if some parts are unconstitutional and void, all the provisions which are thus dependent, conditional or connected, must fall with them.  *Warren vs. Mayor, &c.*, 2 Gray, 84 ; *State ex rel. Huston vs. Comm'rs, &c.*, 5 Ohio St., 497 ; *Tims vs. State*, 26 Ala., 165.

*By the Court*, PAINE, J.  This action was brought by the plaintiffs to restrain the sale of their lands for taxes.  The

January Term,<br>1861.

SLAUSON et al.<br>v.<br>THE CITY OF<br>RACINE.

March 12.

lands in question are situated in several tracts which were adjacent to the city of Racine previous to March 6th, 1856, and which the appellant claims to have been annexed to the city by an act approved on that day. The plaintiffs object to the legality of the taxes assessed by the city upon these lands, first, because the act was unconstitutional and wholly inoperative; and second, for several other reasons not inconsistent with the validity of the act. The conclusion to which we have come upon the first objection, will preclude the necessity of considering the others.

The plaintiffs claim the act to have been unconstitutional for two reasons. First, because it would leave the two assembly districts, which by the previous apportionment law were composed, one of the city of Racine, and the other of the towns of Racine, Caledonia and Mt. Pleasant, not bounded by county, town, precinct or ward lines, as required by section 4, art. IV of the constitution. This objection assumes that it was incompetent for the legislature to alter the assembly districts until the time for the next apportionment, as prescribed by the constitution, and this assumption is necessary to the validity of the objection. For if the assembly districts might be altered, and if by the annexation of the tracts in question to the city, they thereby became a part of the city to all intents and purposes, then they would be a part of the assembly district composed of the city, and cease to be a part of that composed of the towns. So that both districts would still be bounded by town lines, those lines being different, however, from what they were when the districts were organized. The validity of this objection depends, therefore, on the question whether it is within the power of the legislature, by any means, intermediate two apportionment laws, to transfer any part of the territory in one assembly district to another.

It has been held in Massachusetts and New York, under their constitutions, that this could not be done. 6 Cush., 575, 578; 2 Gray, 84; 30 Barb., 349. But the constitution of New York, after providing for an enumeration of the people and an apportionment of representatives at stated periods, expressly provides that "the apportionment and dis-

January Term,
1861.

Slauson et al.
v.
The City of
Racine.

tricts, so to be made, shall remain unaltered until another enumeration shall be taken," &c. The decision there was based upon this provision. The constitution of Massachusetts provides for an enumeration once in ten years, and determines the number of representatives to which any town or district is entitled by the number of "rateable polls," and having provided for the ascertainment of this number once in ten years, declares that it "shall remain fixed and unalterable for the period of ten years." Their decisions were based upon the limitation derived from these provisions.

But in our constitution there is no express prohibition against an alteration of assembly districts. And whatever limitation exists upon the power of the legislature in that respect, is to be derived from the general scope and objects of the provisions of the constitution concerning the apportionment of senators and representatives. But it may well be said that these furnish such a limitation, and that when the instrument provides for an apportionment and organization of districts once in five years, this implies that it shall not be done at any other time. This would seem clear, with respect to a general apportionment; and perhaps the same implication would extend to any partial re-organization of assembly or senate districts, by any law passed directly for that purpose. Whether it would or not we shall not now decide, but shall assume for the purposes of this case that it would.

But assuming that, we still think the implied prohibition does not extend to such changes in these districts as may result incidentally from the exercise of the acknowledged power of the legislature to organize counties, towns and cities, and change the boundaries of such as are already organized. Of the existence of this power there is no question. The constitution imposes no express limitation upon it material to this inquiry. The occasions for its exercise are constant and frequent, having no relation to or connection with the stated periods prescribed for apportionment. And we think the provisions upon the latter subject should be deemed to have been adopted in contemplation of the existence of this power, and that therefore the implied prohibi-

January Term, 1861.

SLAUSON et al.
v.
THE CITY OF RACINE.

tion which may fairly be derived from them, is so qualified as not to include changes in these districts arising incidentally from an increase or decrease by the legislature of the towns, cities or counties of which they may be composed. The restriction is upon the power to apportion and organize these districts by laws having that object alone. But it is subject to the power to organize and change the boundaries of the political divisions of the state.

This conclusion may seem liable to the objection of permitting that to be done indirectly which could not be done directly. But it really is not so, if we are right as to the extent of the implied prohibition to be derived from the provisions concerning apportionment. For then the prohibition included only a direct re-organization of these districts, and left them subject to such incidental changes as might occur by changes in the cities, towns or counties so constituting them. This qualified prohibition may well exist in connection with the intent to leave the other power unimpaired. And when the framers of the instrument carefully avoided inserting any express prohibition, like that in other constitutions, we do not feel warranted in extending an implied one, so as to restrict an acknowledged power of the legislature, entirely independent of the subject matter out of which the implied prohibition arises. This conclusion is supported by the opinion of STRONG, J., in *Rumsey vs. The People*, 19 N. Y., 41, and by the dissenting opinion of ALLEN, J., in *Kinney vs. Syracuse*, 30 Barb., 368, which we think would have been adopted by the whole court in that case, if their constitution had been similar to ours.

Nor do we think any valid argument against it can be derived from the schedule to the constitution, by which the first senate and assembly districts were established. In section 12 it is declared, that the town of Centre with others in Rock county should form an assembly district, "provided that if the legislature should divide the town of Centre, they might attach such part of it to the district lying next north, as they should deem expedient." At the close of the section is the following provision : "The foregoing districts are subject, however, so far to be altered, that where any new

town shall be organized, it may be added to either of the ad-
joining assembly districts."

It might be said that the power of making certain specific changes being expressed, that of making all others was excluded, and that these clauses assume the necessity of a specific authority to make such changes in the districts as might result from organizing towns or dividing them. This argument would undoubtedly be good, with respect to districts thus established by the constitution itself. The provisions allowing such changes, were, it would seem, introduced for the reason that it might otherwise be said that districts which the constitution had itself prescribed, could not be changed by the legislature. Therefore they expressly allowed those districts to be changed incidentally, in the exercise of the power of dividing and organizing towns. This is a recognition of the necessity of such a power. Yet the instrument contains no provision for even such changes, in respect to districts to be thereafter established by the legislature. This can only be accounted for upon the supposition that it was assumed that no express authority was necessary to authorize such changes. The express power of change being confined, therefore, to the districts established by the constitution itself, the implied exclusion extends only to them.

We are therefore of the opinion that it is competent for the legislature to change incidentally the boundaries of assembly districts, in exercising its power to change the limits of cities, towns, &c.; and that if a part of a town in one district is annexed to a city which constitutes another, unless there be some exception or reservation in the law itself, it becomes a part of such city for all purposes for which the legislature could annex it. So that the previous law constituting that city an assembly district would apply to everything that became absolutely a part of it, just as an incumbrance upon land attaches to subsequent improvements upon it, which become a part of the realty. It follows that we should not hold the law unconstitutional on account of the first objection.

The second objection is that the act provides that the ag-

January Term,
   1861.

SLAUSON et al.
     v.
THE CITY OF
RACINE.

ricultural and farming lands annexed should be taxed at a different and less rate than other lands in the city. This must be sustained under our decision in the case of *Knowlton vs. the Supervisors of Rock Co.*, 9 Wis., 410. And the only question left is, what effect the invalidity of this provision should have upon the operation of the statute. It is undoubtedly true that parts of a statute may be unconstitutional, and yet other parts, capable of being executed independently, held valid. But the counsel for the plaintiff contends that where parts of a statute are unconstitutional and other parts valid, the former being evidently designed as compensation for or inducements to the latter, so that the whole taken together warrant the belief that the legislature would not have passed the valid parts alone, then the whole act should be held inoperative. This position is fully sustained by the case of *Warren and others vs. Charlestown*, 2 Gray, 84, and seems to us to rest upon solid reasons. We think also it is fairly applicable to this case.

The first section of the act (chap. 83, Pr. Laws of 1856) provides that the tracts in question shall be annexed to the city. The second defines the new boundaries of the city, and then follows a proviso that the farming and agricultural lands annexed should be exempt from certain taxes, and should be taxed for city and ward purposes only at the rate of one half of one per cent. There is no doubt that in many instances, by the annexation of farming lands to a city, hardships are inflicted upon their owners by the increased rates of taxation to which they are subjected. If they are annexed, they must be taxed as other lands in the city, and that is a matter proper to be considered by the legislature in determining whether they shall be annexed. In this act it is evident the legislature had it under consideration, and that they annexed these lands with the idea that they might protect them against such hardships by a proviso for a less rate of taxation. The proviso was clearly intended as a compensation for the annexation, and stronger language could not well be selected to show that the legislature intended the one to be subject to the condition stated in the other, and that they would not have annexed these lands unless they had

supposed that effect could be given to the proviso. For these reasons we think the principle stated applies, and the act should be held inoperative.

It follows that the lands in question were not a part of the city of Racine, and that the taxes sought to be resisted were illegal.

The judgment of the circuit court is affirmed, with costs.

COLE, J. While I concur in the decision that the judgment of the circuit court in this case should be affirmed, I place my opinion upon somewhat different grounds from those assigned by Mr. Justice PAINE, in the opinion filed by him. According to my view of section one, article eight of the constitution, it was competent for the legislature to provide that farming and agricultural lands within the corporate limits, should be subject to a different rate of taxation for municipal purposes from that which applied to other real estate in that city. My reasons for this construction of the constitution have been stated in the cases of *Knowlton vs. The Board of Supervisors of Rock County*, 9 Wis., 410, and *The Attorney General vs. The Winnebago Lake and Fox River Plank Road Co.*, 11 id., 35, and need not therefore be repeated here. Holding section two, chapter eighty-three of the Private Laws of 1856, to be a perfectly valid enactment, it would follow that the taxes mentioned in the pleadings were unauthorized and void, because they were levied in violation of that section. The majority of the court, however, hold the provision in this section, which declares that the lands annexed by the act which should be used exclusively for farming or agricultural purposes, should not be taxed exceeding one half of one per cent. for any city or ward purpose, void; and further that this proviso is so connected with and dependent upon that part of the act annexing these lands as to show that the legislature would not have made such annexation except upon the condition that they should be taxed the above rate, and that this was the consideration or compensation for the annexation. I do not doubt the correctness of the rule, that where the parts of a statute are so dependent on each other as to warrant the be-

lief that the legislature intended them as a whole, and that if all cannot be carried into effect, the legislature would not have passed the residue independently, and some parts are unconstitutional and void, all provisions that are thus dependent and connected, must fall; but I have difficulty in applying that rule to the act in question. It will be seen that the first section of the act absolutely annexes the territory therein described to the city of Racine. The legislature undoubtedly had the power to make the annexation. I fully concur in the reasoning of Justice PAINE upon that point. This first section is independent of the residue so far as I can discover, and may stand, although all the other parts of the act are held to be void. For an act may be constitutional in some of its provisions and unconstitutional in others. When this is the case, the valid provisions are to have the force of law unless connected with and dependent upon others which are void. I am not able to see that the first section is dependent upon anything. It would be a perfect and complete law by itself, if all other parts of the act were stricken out. Neither am I prepared to say that the legislature would not have made the annexation except upon the condition that the farming lands should be taxed only one half of one per cent. for city purposes. For in the first section such annexation is made absolutely, without any condition or qualification. The second section then states what shall thereafter constitute the limits of the city, and then contains the proviso about the rate of taxation, which the majority of the court think is void. But the annexation is made by virtue of the first section, and that is absolute in its terms. I cannot annex thereto a condition which the legislature has not. I therefore do not think the doctrine laid down by C. J. SHAW, in the case of *Warren et al. vs. The Mayor, &c., of Charlestown*, 2 Gray, 84, applies here. But I do not care to argue the case farther. My object was only to state the ground upon which I place the decision of affirmance. Having done this, I dismiss the case without further comment.