## SLINGER VS. HENNEMAN.

CONSTITUTIONAL LAW: DOG LAW. (1) *Mischievous act of dog; owner's liability at common law;* scienter. (2) *Ch. 67 of 1871. Power of county board to exempt their county extends to sec. 8, enlarging liability of owner.* (3–5) *Such power renders the act void.* (6) *In what cases the act, if valid, would dispense with proof of* scienter.

1. At the common law the owner of a dog is not liable for damages resulting from the vicious or mischievous act of the animal, unless he had knowledge of its mischievous or vicious propensities.

2. Sec. 8 of ch. 67, Laws of 1871, provides that the owner or keeper of any dog which shall have worried, maimed or killed any cattle, . horses, sheep or lambs, or injured any person, shall be liable to the owner or legal possessor of such cattle, etc., or to the person injured, " without proving notice to such owner or keeper, or knowledge by him, that the dog was mischievous or disposed to kill or worry sheep." *Held*, that this section was inserted in the act in furtherance of its general objects (" to protect and encourage the raising of sheep and discourage the raising of dogs "); and the power given in terms by sec. 9 of the act to county boards of supervisors, to exempt their respective counties from the act, was intended to apply to said sec. 8, in the same manner as to the other provisions of the act.

3. The legislative power, vested by the constitution in the senate and assembly, cannot be delegated to any other body; although, *in matters purely local and municipal*, the legislature may enact conditional laws, and permit the people or proper municipal authorities to decide whether such laws shall have force in their respective municipalities. *State v. O'Neill*, 24 Wis., 149.

4. Sec. 8 of the act of 1871, above recited, does not relate to municipal affairs; and the provisions of sec. 9, which in terms empower county boards to exempt their respective counties from its operation, are *void*.

5. It appearing probable from the history of the legislation of this state upon the subject, that the legislature would not have enacted sec. 8 unconditionally (or without some such provision as that found in sec. 9), that section cannot be upheld as valid, after sec. 9 has been adjudged void. *Slauson v. Racine*, 13 Wis., 398; *State ex rel. Walsh v. Dousman*, 28 id., 541.

6. Whether, if said sec. 8 were valid, the provision therein dispensing with proof of the owner's *knowledge*, etc., would apply to an action for injury to plaintiff's person alleged to have been caused by defendant's dog, *quære. Kertschacke v. Ludwig*, 28 Wis., 430.

APPEAL from the Circuit Court for *Sauk* County.

The complaint charges that the defendant owned and kept a large and ferocious dog, accustomed to attack travelers and teams passing along the highway, which the defendant well knew ; and that on or about May 1, 1874, the plaintiff was peaceably and lawfully passing along the highway in Sauk county, near the residence of the defendant, in a wagon with a team of horses attached thereto, when such dog, without warn-

ing or provocation, suddenly made a fierce and violent attack on plaintiff's team, frightening the horses and causing them to run, whereby the plaintiff was thrown from the wagon and severely injured. The action was brought to recover damages for such injuries. The answer is a general denial.

On the trial, the defendant read in evidence a resolution or order of the board of supervisors of Sauk county, adopted at the annual session of such board for the year 1871, by a vote of 21 ayes to 4 noes, which resolution or order is as follows: "The county board of supervisors of the county of Sauk do hereby order and determine as follows: The county of Sauk is hereby exempt from the provisions of chapter 67 of the general laws of 1871, known as the dog law."

The circuit judge (among other things) instructed the jury that the plaintiff could not recover, unless they were satisfied by the evidence: 1. That the defendant's dog frightened the plaintiff's horses; 2. That the dog was a vicious or mischievous one, accustomed to do such acts; and 3. That before the occurrence the defendant had notice of the vicious or mischievous propensities of his dog.

Verdict for the defendant. A motion for a new trial was denied, and judgment entered against the plaintiff for costs, pursuant to the verdict. The plaintiff appealed from the judgment.

*G. Stevens* and *J. W. Lusk,* for appellant, relied upon sec. 8, ch. 67, Laws of 1871, and contended that the doubt expressed *obiter* in *Kertschacke v. Ludwig,* 28 Wis., 430, in reference to the act of 1866, as to whether proof of the *scienter* was dispensed with in case of an injury to the person, could not reasonably be entertained in regard to the act of 1871; that the express object of the latter act is not merely "to encourage the raising of sheep," but also "to discourage the raising of dogs," and plainly nothing would tend more directly to the latter purpose than a provision of law making the owner of a dog liable in all cases of damage, without proof of his previous knowledge of

the animal's mischievous or vicious character; and that any other construction of the section would deprive a part of its language of all effect.   2. They argued that the power given by sec. 9 of the act to the county board of supervisors to suspend the operation of the act in their county in any year, was intended only to apply to the imposition of a *tax* on dogs, previously spoken of in the same section.   It could not have been intended to apply to the provisions of sec. 8, since the legislature had no constitutional power to confer that discretion on the county board.   Such a construction as will make an act unconstitutional is to be avoided, if possible.   *Lawrence v. Vilas,* 20 Wis., 381; *Harrington v. Smith,* 28 id., 43; *Chase v. R. R. Co.,* 26 N. Y., 523; *Holmes v. Carley,* 31 id., 289; 1 Kent's Com., 505.   The general words of the section are to be limited by reference to the subject matter of the section, especially when necessary to save the act from being unconstitutional.   *Roosevelt v. Godard,* 52 Barb., 533.   3. If sec. 9 is invalid, sec. 8 is an independent provision, and should still stand.

*C. C. Remington,* for respondent:

1. At common law the owner must have notice, to be liable. *Dearth v. Baker,* 22 Wis., 73.   Sec. 8 of the act of 1871 must be strictly construed, because it makes an innovation upon the common law (Blackw. T. T., 713), and also because it is penal; and it is not applicable to this case.   *Kertschacke v. Ludwig,* 28 Wis., 430.   2. Sec. 9 is void as attempting to delegate the legislative power to the county board, in a matter not local. And this invalidates the whole act, as the legislature would not have passed the other sections without sec. 9.   *State ex rel. Walsh v. Dousman,* 28 Wis., 541.

LYON, J.   The controlling question to be determined on the appeal is, Can the defendant be held liable for the consequences of the vicious or mischievous act of his dog, unless he had previous knowledge of the vicious or mischievous propensities of the animal?   At the common law he would not be

liable therefor without such knowledge. Hence, if he is so liable, it is because the common law on that subject has been abrogated, and a new and increased liability established, by some statute. All existing statutory provisions on the subject are contained in ch. 67, Laws of 1871, entitled "An act to protect and encourage the raising of sheep and discourage the raising of dogs." (Tay. Stats., 783, §§ 6 to 14, inclusive.) Secs. 1 and 2 of that act provide for listing and assessing the owners or keepers of dogs; secs. 3, 4, 5 and 6 provide for the collection of such assessment, and the disposing of the moneys thus collected; and sec. 7 imposes certain penalties upon officers who fail to perform the duties required of them by the act. Secs. 8 and 9 are as follows:

"SECTION 8. The owner or keeper of any dog or dogs which shall have wounded, maimed or killed any cattle, horses, sheep or lambs, or injured any person, shall be liable to the owner or legal possessor of such cattle, horses, sheep or lambs, or to the person injured, in all damages so done by said dog or dogs, without proving notice to the owner or keeper of such dogs, or knowledge by him that his dog was mischievous, or disposed to kill or worry sheep; and all laws conflicting with this section are hereby repealed.

"SECTION 9. The county board of supervisors of any county, at their first meeting in any year, shall have power and are hereby authorized, by a vote of a majority of all the members elect of said board, to increase or diminish the sum set opposite the names of owners of dogs, as provided for in section two of this act, or at the said meeting by the said vote to determine whether or not during the then current year the said county shall be exempt from or shall be governed by the provisions of this act; and said determination shall be binding on said county until reversed by said county board by a majority of the members elect of said county board." The remainder of sec. 9 relates solely to the city and county of Milwaukee, and is unimportant in this case.

Slinger vs. Henneman.

It was earnestly argued at the bar by the learned counsel for the plaintiff, that sec. 8 is not within the provision which authorizes the county boards of supervisors to exempt their respective counties from the operation of the act, but that the same is a general provision of law, entirely independent of the remainder of the chapter, and should be treated in all respects as though it were a separate enactment in form as well as in substance. We are unable to concur with counsel in this position. While it may be true that in some respects sec. 8 may be independent of the balance of the chapter, and that the act would be complete without it, still it is within the general purview of the act as indicated by the title. Certainly the provisions of the section directly discourage the raising of dogs by increasing greatly the liability of persons owning or keeping them for any mischief they may commit; and so far as dogs have a propensity to kill or worry sheep, those provisions have a tendency to protect and encourage the raising of the latter. Indeed sec. 8 contains the most potent provisions to be found in the act for the accomplishment of those objects. Because sec. 8 was inserted in the act in furtherance of its general objects, and is congruous with the other provisions thereof, we think it cannot be successfully maintained that when the legislature attempted to give the county boards of supervisors power to exempt their respective counties from the operation of the act, the intention was to exclude that section from such power of exemption. To give sec. 9 the construction contended for, would, it seems to us, be to interpolate therein an exception not enacted or intended by the legislature.

We are now to determine whether the legislature has power to authorize county boards of supervisors to exempt their respective counties from the provisions of sec. 8. The constitution (art. IV, sec. 1) ordains that "The legislative power shall be vested in a senate and assembly." Those bodies constitute the legislature. It is a settled maxim of constitutional law, that the power thus conferred upon the legislature cannot be

delegated by that department to any other body or authority. Cooley on Con. Lim., 116. Yet it is undoubtedly true that in matters purely local and municipal, the legislature may enact conditional laws, and refer it to the people or proper municipal authorities to decide whether such laws shall or shall not have force and effect in their respective municipalities. The cases which sustain this power are numerous. *The State v. O'Neill,* 24 Wis., 149, is one of these. In principle, the same power is exercised in the numerous laws enacted by the legislature giving to municipalities the power to establish by-laws and ordinances in respect to municipal matters. Sec. 8, however, does not relate to municipal affairs, but it seeks to change a rule of the common law pertaining to a matter of general interest. As well might the legislature authorize the board of supervisors of a county to abolish in such county days of grace on commercial paper, or to suspend the operation of the statute of limitations. Such legislation is clearly within the restriction on the power of the legislature to delegate its authority, and is therefore inoperative and void.

But the question remains, whether sec. 8 may not still be upheld, notwithstanding the provision of sec. 9 which attempts to give the county board power to exempt the county therefrom, is void. It is the settled law in this state, that when a portion of an act is void, other portions. of the same act which if enacted without the void portion would be valid, will not be upheld unless it is apparent that the legislature would have enacted such portions alone had it been foreseen that the courts would declare the remainder of the act void. *Slauson v. Racine,* 13 Wis., 398; *State ex rel. Walsh v. Dousman,* 28 id., 541.

There is nothing in the act of 1871 from which it can be presumed that the legislature would have enacted sec. 8 unconditionally, had it been foreseen that the courts would hold that it could not be left to county boards to determine whether the provisions of that section should or should not prevail in their respective counties. But the history of legislation on this sub-

ject proves that, in such a contingency, the section would not have been so enacted. That section was enacted unconditionally in 1866, and will be found as sec. 13 of ch. 110 of the laws of that year, and was repealed by ch. 32, Laws of 1870. Thus the legislature has refused to retain the provisions of the section as an absolute and unconditional law of the state, and only reenacted the section in the conditional form in which we find it in the act of 1871.

Hence it must be held that sec. 8, and the provision in sec. 9 authorizing the board of supervisors of a county to exempt such county from the provisions thereof, must fall together. It follows that the common law rule of liability must govern the case, and that the court correctly instructed the jury that the defendant was not liable in the action unless he had previous notice of the vicious or mischievous propensity of his dog.

These views dispose of the case; yet it may be observed that were section 8 a valid law, the doubt expressed in *Kertschacke v. Ludwig*, 28 Wis., 430, as to whether it embraces a case like this, would still remain.

*By the Court.* — Judgment affirmed.