# CHARLES TOWN.

### Harmison v. Ballot Commissioners.

### Submitted Sept. 26, 1898—Decided Sept. 26, 1898.

1. Jurisdiction of Courts—*Constitutional Law—Acts of the Legislature—Delegate Districts*.

    An unconstitutional act forming a delegate district or apportioning delegates for the House of Delegates may be declared void by the courts, although the act is the exercise of political power, since in such case the question is judicial. (p. 180).

2. Constitutional Law—*Delegate Districts—Census*.

    When, after a census, the Legislature has, by law, created delegate districts, and apportioned delegates for the House of Delegates among the counties and districts, section 10 of article VI of the Constitution forbids any change until after the next census. An act making earlier change is void    (p. 181.)

Error to Circuit Court, Jefferson County.

Application by Frank H. Harmison for a writ of *mandamus* directed to the ballot commissioners of Jefferson. Judgment for petitioner, and the commissioners ask for a writ of error.

*Writ Denied.*

Jacob Engle, for petitioners.

Forest W. Brown, for respondent.

Brannon, President:.

In 1891, the Legislature made an apportionment of delegates among the various counties and districts to constitute the House of Delegates, giving Berkeley and Jefferson

Counties each one delegate, and erecting a delegate district, called the "Seventh delegate district," out of Berkely, Jefferson and Morgan Counties, with two delegates. In 1897 the legislature passed an act (chapter 78) taking Morgan County out of said district, and giving it one delegate, and giving Berkely and Jefferson each one delegate, and making them the Seventh delegate district, with one delegate. It reapportioned and redistricted the State as to delegates. A convention called by the Democratic party, claiming that the act of 1897 was unconstitutional, and that the Seventh district stood as it was under the act of 1891, composed of Berkely, Jefferson and Morgan Counties, nominated R. W. Morrow, a resident of Jefferson County, and Frank Harmison, a resident of Morgan County, as candidates for the House of Delegates, to represent said district; but the ballot commissioners of Jefferson County, acting under said act of 1897, refused to put said Harmison's name on the ballots to be used in the election to be held in November, 1898, and then Harmison asked and obtained, by the judgment of the circuit court of Jefferson County, a peremptory writ of *mandamus*, commanding said commissioners to put his name on such ballots; and said commissioners now ask this Court for a writ of error from said judgment.

A question occurred to my mind whether this Court could consider the case,—whether the matter was in its nature a judicial matter cognizable by the courts, or a matter of purely a political, legislative, or governmental nature, to be left absolutely to the Legislature, since the power to erect districts and apportion delegates was vested in it by the Constitution; but I find that the subject has been discussed in various cases, and it has been held that the constitutionality of apportionment acts is a subject of judicial inquiry, not merely political. This is based on the consideration that the judiciary must hold an act contrary to the constitution as no law for any purpose. *Denny* v. *State* (Ind. Sup.) 42 N. E. 929, and cases there cited. See, also, *State* v. *Wrightson* (N. J. Sup.) 28 Atl., 56. I find it so held in the six states of Indiana, Wisconsin, Michigan, New York, Illinois, and New Jersey. Further search shows that Massachusetts, Ohio, North Carolina, Nebras-

ka, and Kansas supreme courts hold the same doctrine, as will be seen in the opinions in *State* v. *Cunningham* (Wis.) 51 N. W. 724 (full discussion). Chapter 25, Acts 1893, gives the writ of *mandamus* to control ballot commissioners, as held in *Marcum* v. *Commissioners*, 42 W. Va., 263, (26 S. E. 281). Of course, this would not give jurisdiction if the matter were not of judicial character; but, being of such character, that act applies *mandamus*. Wherever the question of constitutionality arises in the administration of rights, the courts have power to pass on it. The case, then, turns upon the question of the constitutionality of the act of 1897. If that act is constitutional, Harmison is ineligible to represent the district, and has no right to go upon the ballots, because a resident of Morgan County, which, under that act, is no part of the district; whereas, if that act is unconstitutional, the district stands as under the act of 1891,—Morgan a part of it. Section 7 of article VI provides that "after every census the delegates shall be apportioned as follows," giving a mode of apportionment. Then section 10 says: "The arrangement of the senatorial and delegate districts, and the apportionment of delegates, shall hereafter be declared by law as soon as possible after each succeeding census taken by authority of the United States. When so declared, they shall apply to the first general election for members of the Legislature to be thereafter held, and shall continue in force unchanged until such districts shall be altered and delegates apportioned under the succeeding census." We plainly see that both sections contemplate one apportionment and arrangement of districts after each census, not a changing one every session of the legislature. This provision, fixing one apportionment after a certain event,—the taking of a census, - plainly contemplates that there shall be but one after each census. This provision is mandatory, not simply directory, for the reason that it manifestly designed to have a fixed apportionment, lasting from census to census, not varying and unstable. The nature of the subject tells us that this must be so, as it ought to be so. Another reason is that constitutional provisions are mandatory, not merely directory. Cooley, Const. Lim. 93. A case strongly supporting this position is the Indiana

case of *Denny* v. *State*, 42 N. E. 929. The constitution of Indiana provided that an enumeration of voters should be taken every six years, and that an apportionment of representatives should "be made at the session next following each period of making such enumeration;" and that case held that the mere fact that the constitution provided for an apportionment after each enumeration implied that, when such apportionment was once made, it forbade another until another enumeration, although there was no prohibition in the constitution against a change of apportionment, and that but one apportionment could be made in the six years. So, it was held in *Slauson* v. *City of Racine,* 13 Wis. 398, and Opinion of Justices, 6 Cush. 575, and *State* v. *Cunningham, supra.* But when we see that our Constitution expressly says that an apportionment, when once made, "shall continue in force unchanged until such districts shall be altered and delegates apportioned under the succeeding census," the case is made conclusive against any earlier change of district. The provision for one apportionment and districting after each census is mandatory, not by mere construction, but because there is a prohibition against any change until the next census. There is no room here to construe and doubt. We must simply obey the Constitution. If there were any escape, I would not declare the act void; but there is no other alternative. We therefore refuse a writ of error, as we regard the decision of the circuit court plainly right.

NOTE BY BRANNON, PRESIDENT:

I call attention to the case of *People* v. *Hutchinson*, 172 Ill., 486, 50 (N. E. 599) published since I delivered the above opinion. The constitution of Illinois provides that "the general assembly shall apportion the state every ten years" for senators, and so forth, and that case held said provision mandatory, and as prohibiting any second apportionment within the ten years after the legislature had once made an apportionment after a census. The case strongly supports the above opinion.

*Writ Denied.*