## ALLEN HOLMES v. OWEN MURRAY, Appellant.

### Division One, November 27, 1907.

1. **KILLING SHEEP: Damages: Prima Facie Case.** Plaintiff makes out a prima-facie case, entitling him to go to the jury, by evidence tending to show that defendant was the owner of the dogs which killed the sheep; that he was the owner of the sheep, and that they were worth the amount of money alleged to be their value.

2. ——: ——: **Constitutionality of Statute: Due Process of Law.** The statute (R. S. 1899, sec. 6975) which provides that "in every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animals may recover against the owner of such dog or dogs the full amount of damages," is not in violation of the constitutional provision which says "no person shall be deprived of life, liberty or property without due process of law." It does not deprive the owner of the dogs of his property without due process of law. He is given due process of law when he is legally summoned, is given a full and careful hearing before a competent jury, and after a complete inquiry as to both the law and the facts damages are awarded against him by the verdict and judgment.

3. ——: ——: **Knowledge of Vicious Character.** Nor does the fact that the statute holds the owner or keeper of the dogs liable for the damage done whether or not he has knowledge of their vicious character or traits, or whether or not they possess vicious traits, render the section unconstitutional or deprive him of his property without due process of law. It simply thereby changed his common law liability so as to impose a stricter liability.

4. ——: **Dogs Owned by Member of Family.** Defendant is liable for damages for sheep killed by dogs owned by his daughter who, though she kept house for him and was paid wages therefor, was a member of his family and kept them at his house with his knowledge and consent. He was the keeper of the dogs within the meaning of the statute.

5. ——: **Evidence: Killing of Dogs by Daughter: Knowledge.** Where the issue is whether the dogs which killed the sheep were owned or harbored by defendant, it is error to admit evidence for plaintiff in his suit for damages, showing that defendant's daughter killed his dogs after the sheep were killed, unless it is shown that defendant had knowledge of and consented to their being killed.

Appeal from Barry Circuit Court.—*Hon. H. C. Pepper,*
Judge.

REVERSED AND REMANDED.

*T. D. Steele* and *W. Cloud* for appellant.

(1) Section 6975, Revised Statutes 1899, is clearly
unconstitutional and is in violation of section 30, article
2, of the Constitution. It undertakes to make and hold
a person responsible for habits and traits of his ani-
mals or those upon or about his place regardless of
his knowledge of their habits or traits or viciousness,
and the enforcement of this statute would deprive a
person of his property without due process of law.
This section undertakes to hold one responsible for
the acts, habits, traits and vicious propensities of his
dog without any knowledge upon his part of such
qualities. This would be equivalent to rendering a
judgment without notice to defendant, which this court
holds cannot be done. Jones v. Yore, 142 Mo. 44. It
would be the same as a sale without notice, which is
void. Roth v. Gabbert, 123 Mo. 29. This section of
the Constitution is a guarantee of all the elements of,
and all that affects the three rights, "life," "liberty"
and "property." St. Louis v. Hill, 116 Mo. 527. (2)
Prejudicial error was committed by the court in ad-
mitting testimony showing that Miss Murray caused
her dogs to be killed. There was no testimony tending
to show that Mr. Murray had anything to do with or
knowledge that his daughter was going to kill them.
Ely v. Railroad, 77 Mo. 37; Hale v. Van Dever, 67
Mo. 735. (3) The testimony showed that Murray was
not the owner of the dogs, nor was he the keeper of
them, nor did he exercise any control over them, but
the testimony showed that his daughter, Miss Murray,
was both the owner and keeper of the two dogs, "Dewey
and Teddy." Certainly the defendant could not be

held responsible in damages under the law for what some other person's dogs may have done, and especially when it was shown the dogs belonged to some other party, even though they may have been on his place at the time being.

*French & Mayhew* for respondent.

(1)  A judgment for damages, as in this case, is not equivalent to a judgment being rendered without notice to defendant, and the case of Jones v. Yore, 142 Mo. 44, does not apply.  Neither does the case of Roth v. Gabbert, 123 Mo. 29.  A court has jurisdiction of any subject-matter if, by the law of its organization, it has authority to take cognizance of, try and determine cases of that description.  Cooley's Const. Lim. (6 Ed.), p. 491; Jones v. Yore, 142 Mo. 54.  (2)  The evidence very clearly showed that the dogs that killed the sheep were the dogs owned or kept by the defendant, Murray, and no error was committed in refusing instruction 2 asked by defendant.  (3)  The fact that the dogs were killed soon after the sheep were killed is certainly very persuasive of the belief on the part of the owner or keeper of the dogs, and they must have had some knowledge that prompted them in killing the dogs.  Peeler v. McMillan, 91 Mo. App. 316; Jacobsmeyer v. Poggemueller, 47 Mo. App. 560.

WOODSON, J.—The plaintiff instituted this suit against the defendant before a justice of the peace, in Barry county, for the recovery of forty-two dollars, damages sustained by him in consequence of the killing of eight of his sheep, alleged to have been done by defendant's dogs.

The suit is based upon section 6975, Revised Statutes 1899.

There was a trial before the justice, which resulted in a judgment for the plaintiff, from which the defend-

ant appealed to the circuit court of that county; upon a trial *de novo* in the circuit court the jury found for the plaintiff and assessed his damages at the sum of thirty-six dollars, and judgment was rendered accordingly; and in due time and in proper manner defendant appealed the cause to this court.

The plaintiff introduced evidence tending to prove that he was the owner of the sheep and that they were worth forty-two dollars; and that they were killed by three dogs; that the dogs which did the killing belonged to the defendant. Over the objections and exceptions of defendant, the court permitted the introduction of evidence tending to show that defendant's daughter, without his knowledge, had two of the dogs killed sometime after the sheep were killed.

Whereupon defendant asked a demurrer to the evidence, which was by the court overruled, and he duly excepted.

The evidence for defendant tended to prove that he was a widower, with no family except his daughter, who lived with and kept house for him, for which he paid her wages. Some of the evidence tended to show the daughter owned two of the dogs, while other portions of it tended to show all of them belonged to him. His entire evidence tended to prove that neither his nor his daughter's dogs killed the sheep.

At the request of the plaintiff the court gave two instructions in his behalf, to the giving of one of which the defendant duly excepted and saved his exceptions, and which is as follows:

"2.    The court instructs the jury, that even though you may believe from the evidence that the dogs in question were owned by the daughter of defendant, and that she lived with and made her home with her father, the defendant; and that such dogs were knowingly permitted to be kept on the place and premises of defendant; then in such case the defendant is,

within the meaning of the statutes, the keeper of such dogs and is responsible for any damage they may do.''

The court then gave certain instructions for defendant, and refused number 2 asked by him, which is as follows:

''2.  The court instructs the jury that if they believe from the evidence that it was the dogs belonging to and owned by Miss Mary Murray or any other person than the defendant that killed plaintiff's sheep, then your verdict must be for the defendant.''

The appellant makes the following assignments of error:

1.  The court erred in overruling the demurrer to plaintiff's testimony.

2.  The court erred in refusing instruction numbered 2 asked by the defendant.

3.  The court erred in admitting testimony showing that Miss Murray, after the sheep are alleged to have been killed, caused her dogs to be killed.

I.  The defendant's demurrer to the evidence presents two legal propositions for determination—first, that there was not sufficient evidence introduced to make out a *prima facie* case for plaintiff; and, second, that section 6975, Revised Statutes 1899, is unconstitutional and void.

As to the first proposition we desire to state, that, after a careful reading of the entire evidence in the case, we are unable to concur in the views of the learned counsel regarding the sufficiency of the evidence to make out a case for the jury.  It tended to show that the defendant was the owner of dogs which killed the sheep, and that the plaintiff was the owner of the sheep and that they were worth forty-two dollars.  This made out a *prima facie* case under the statute referred to, and it was, therefore, the duty of the court to submit

the issues to the jury. [Barth v. Railroad, 142 Mo. 548, 549.]

The second proposition commanding consideration is that section 6975, Revised Statutes 1899, is unconstitutional, in that it violates section 30 of article 2 of the Constitution of 1875, which provides: "That no person shall be deprived of life, liberty or property without due process of law."

Section 6975 reads as follows: "In every case where sheep or other domestic animals are killed or maimed by dogs, the owner of such animals may recover against the owner or keeper of such dog or dogs the full amount of damages, and the owner shall forthwith kill such dog or dogs," etc.

The contention of defendant is that this section undertakes to hold him liable for the vicious habits and traits of his dogs or those harbored by him regardless of his knowledge of their vicious characters, and that the enforcement of this statute would deprive him of his property without due process of law.

This is a misconception of the meaning of the constitutional provision referred to. This court, in the discussion of that section of the Constitution, said, in the case of Mathews v. Railroad, 121 Mo. l. c. 322: "We accept Mr. Webster's definition of the law of the land: 'By law of the land is most clearly intended the general law; a law which hears before it condemns; which proceeds upon inquiry, and renders judgment only after trial. The meaning is, that every citizen shall hold his life, liberty, property and immunities under the protection of the general rules which govern society.' "

There is nothing in the statute which denies the defendant any of those rights; but, upon the other hand, the defendant was duly summoned to appear and defend the suit; he was given a full and careful hearing; and after a complete inquiry as to both the

law and the facts of the case, he was adjudged to pay the damage. That is all the letter or the spirit of the Constitution guaranteed unto him. The Legislature in no manner attempted to deprive defendant of his property without due process of law, but simply changed the common-law rule of his liability so as to impose a stricter liability.

The St. Louis Court of Appeals said, in discussing this statute, that "at common law a person could not be made liable for injuries inflicted by vicious dogs belonging to him or under his control, unless the complaint averred and it was established on the trial that such owner or keeper was advised of the mischievous traits of his dogs. The statute merely dispenses with all proof of *scienter*, and did not undertake to create a new or independent cause of action. It merely changed the common-law rule so as to impose a stricter liability. [2 Shearman & Redfield on Neg. (4 Ed.), sec. 628.]" [Jacobsmeyer v. Poggemoeller, 47 Mo. App. 1. c. 562, 563.]

The same enunciation of the law under similar statutes has been made in the following cases: Brent v. Kimball, 60 Ill. 211; Ballou v. Humphrey, 8 Kan. 220; Trompen v. Verhage, 54 Mich. 304; East Kingston v. Towle, 48 N. H. 57; Fish v. Skut, 21 Barb. (N. Y.) 333; Job v. Harlan, 13 Ohio St. 485; Kerr v. O'Connor, 63 Pa. St. 341; Slinger v. Henneman, 38 Wis. 504; Reg. v. Perrin, 16 Ont. 446; 2 Cyc., p. 370.

This is the same conclusion reached by this court in Mathews v. Railroad, supra. It was there held that prior to the enactment of section 2615, Revised Statutes 1889, a railroad company was not liable for damage done to property by fire escaping from its engines without the owner of the property should allege and prove that the company allowed the fire to escape through the negligence and carelessness of its agents and servants in charge of its engines; and that

after the passage of that statute it was not necessary to allege or prove the negligence in order to justify a recovery thereunder.

Under the doctrine thus announced before the plaintiff would be permitted to recover damages for injury done to his sheep by vicious dogs, he would be required to prove to the satisfaction of the jury, in a court duly organized and constituted to hear and determine such matters, that he was the owner of the sheep and that the defendant's dogs injured or killed them; and from the evidence the jury would have to determine the amount of the damages. This is in no sense the taking of property without due process of law, and we must, therefore, decide this question against the defendant.

II. The defendant contends that the action of the trial court in refusing to give instruction numbered 2 asked by him was reversible error. In effect it declared the law to be, that if the jury believed from the evidence that the dogs belonged to the daughter and that they killed plaintiff's sheep, then they would find for the defendant.

We are unable to lend our assent to that declaration of the law. Even admitting the dogs belonged to the daughter, yet the uncontradicted evidence on both sides disclosed the fact that the daughter lived with and kept house for the defendant, and that he paid her wages for her services, and that with his knowledge and consent they were kept at his house. The law is well settled that if a person harbors a dog, or permits his servant to keep such an animal on his premises, that will constitute such person a *keeper of* the animal within the meaning of the statute. [Jacobsmeyer v. Poggemoeller, 47 Mo. App. l. c. 563; Barrett v. Railroad, 3 Allen 101; Shearman & Redfield on Neg. (4 Ed.), sec. 635.]

Plaintiff's second instruction given is the counter-part of the one refused for defendant and just considered. The reasons given by us for sustaining the action of the court in refusing defendant's said instruction sustain the action of the trial court in giving plaintiff's second instruction; and for that reason it will not be necessary to further notice it.

III. It is finally insisted by defendant that the court erred in admitting evidence which showed that the daughter had the dogs killed without first requiring plaintiff to show that she did so with defendant's knowledge and consent.

This is a more serious proposition than either of the other two before considered. The issue was sharp and well defined. The plaintiff's evidence tended to show that the dogs which killed the sheep belonged to the defendant or were harbored by him, while the defendant's evidence was equally direct and positive that neither his dogs nor those of his daughter did the killing. It was contended before the court and argued to the jury, that the fact the dogs were killed shortly after the sheep were killed was in the nature of an admission on the part of defendant that his dogs killed the sheep, or that he had knowledge of the fact that they did kill them.

In discussing this question in the case of Peeler v. McMillan, 91 Mo. App. l. c. 316, the Kansas City Court of Appeals used this language: "The defendant also complains because the court refused to instruct the jury to the effect that because he killed his dog it was no evidence that it maimed plaintiff's sheep. In view of the fact that the statute imposes a fine of one dollar upon owners for each day, after notice that their dogs kill sheep, we are of the opinion that the evidence that the defendant killed his dog shortly after the plaintiff's sheep were killed is somewhat persuasive of the belief upon his part of the sheep-killing

tendency of his said dog, and that he must have had some knowledge that prompted him in doing so. We think the court was justified in refusing to give the instruction.''

Conceding the ruling of the Kansas City Court of Appeals in that case to be correct, yet the rule there announced falls far short in its application to the facts in the case at bar. While there is one loose and disconnected expression of one of defendant's witnesses, which, if taken alone, would tend to prove defendant concurred in having the dogs killed, yet when the entire evidence is taken and construed together, it is perfectly clear the daughter had the dogs killed upon her own responsibility, for the reason that she thought there was great danger of serious trouble between her father and the plaintiff, and in order to prevent that she, without his knowledge or consent, had the dogs killed. Under this state of facts it cannot be logically contended that, because she had them killed, the jury would be warranted in taking that fact into consideration in determining the liability of the defendant.

We are, therefore, clearly of the opinion that the action of the court in the admission of that evidence, in the absence of evidence tending to show he had knowledge of and consented to the killing, was prejudicial error; and for that reason the judgment is reversed and the cause remanded for a new trial.

All concur.