## DRISCOLL VS. DAMP.

Where the defendant offered to prove that the identical claim in suit against him, was in issue and adjudged in another action, in which he and another sued and recovered as co-partners against the plaintiff, and that the claim in the present action was for money had by one of the partners on partnership account; by the minutes of the justice taken on the trial of such action, and by the evidence of the justice before whom it was tried, such offer was certain and unambiguous and the evidence should have been received.

An offer of evidence is not vitiated by proposing incompetent as well as competent evidence, but in such case the evidence that is competent should be received.

Whenever a question is made respecting the identity of the matter litigated in a former action, parol evidence is admissible to show what transpired on the former trial and thus explain the record.

If the pleadings in a former action would admit proof of the payment of the money sued for in the second action, and such matter was in issue and adjudicated therein, such adjudication is a bar to any further litigation of the same matter.

APPEAL from the Circuit Court for *Dodge* County.

Action commenced in justices court for the recovery of $15, paid and advanced by the plaintiff to the defendant. The defendant put in a general denial, and alleged that on the 16th day of November, 1854 the defendant and Andrew J. Damp recovered a judgment against the plaintiff before Geo. G. Catton, a justice of the peace of said county, for the sum of $24.95, damages and costs taxed at $2,11, and that the identical claim of the plaintiff in this action was in issue and adjudged in said action; and that the plaintiffs therein recovered as co-partners and that the pretended claim in this action is for money had by the defendant, as one of said partners and for an indebtedness to him and said Andrew J. Damp as such partners, and the same was merged in said judgment and the defendant claims said judgment is a bar to this action. The plaintiff had judgment for the amount of her claim and costs of suit and the defendant appealed therefrom to the circuit court. On the trial in the circuit court, it was proved on the part of the plaintiff that she paid him the amount claimed in this action being a bill for thrashing, amounting to $24.94, and that the defendant and Andrew J. Damp, recovered against her and

collected the whole amount of said bill, without any deduction on account of such payment and rested.   The defendant gave in evidence the docket entries in the action between the defendant and Andrew J. Damp as plaintiffs, and the present plaintiff, as defendant before Geo. C. Catton, justice of the peace, in which action the complaint was for work and labor done and performed by the plaintiff for the defendant, to the amount of $100.   The defense was a general denial as to the sum of $100, but admitting an indebtedness of $9,25, and judgment was rendered for the plaintiffs for $24,95 damages, and $2,11 costs of suit.

The defendant further to maintain the issue on his part, offered to prove by the minutes of testimony taken by the justice in the aforesaid action of *Simon P. Damp* and Andrew J. Damp against *Margaret Driscoll*, and by the justice before whom said action was tried, that the identical claim herein, was in issue and adjudged in said action, that the plaintiffs recovered in said action as co-partners, that the pretended claim in this action is for money had by defendant as one of said partners and for an indebtedness to them, this defendant and the said Andrew J. D amp, as partners, and the same was merged in said judgment.   To which offer the plaintiff by her counsel objected; which objection was sustained by the court and the defendant excepted.   The plaintiff had judgment for the amount of her claim and costs, and the defendant appealed.

*Billinghurst, Lewis & Fribert,* for the appellant, argued that the circuit court erred in refusing to receive the evidence of fered by the defendant.   1. A judgment of a court of con current jurisdiction directly upon the point is, as a plea in bar, or as evidence, conclusive between the same parties upon the same matter, when it is in question in another court.   See *Duchess of Kingston's case,* 20 Howell's St. Tr., 538 ; *Harvey vs. Richards,* 2, Gallis, 229 ; *Hibsham vs. Dulleban,* 4, Watts, 183 ; 6, Johns, 168 ; 11, Johns, 530 ; 16, Johns, 136 ; 2, Johns, 191 ; 11, Johns, 457 ; 2, Johns, 181 ; 2, Johns, 210 ; 10, Johns, 365 ;

*Kalisch vs. Kalisch,* 9, Wis. £29.  2. Where the record of a former judgment shows that the same matter now sought to be litigated, might have come in question in that suit, the fact that it did come in question, and was then determined may be established by proof, *aliunde. Young vs. Rummell,* 2 Hill 487 ; *Greenleaf on evidence,* sec. 532 ; *Seddon vs. Intoss,* 6 T. R. 608 ; *Hadley vs. Green,* 2 Tyrwhitt 390 ; *Bridge vs. Gray,* 14 Pick. 55 ; *Webster vs. Lee,* 5 Mass. 334 ; *Beaver vs. Farmer,* 4, T. R. 146 ; *Thorpe vs. Cooper,* 5 Bing. 116 ; *Philops vs. Berrick,* 16 Johns 133.

*O. F. Jones,* for respondent.

1. The offer was objectionable because it was uncertain. It does not appear whether the facts assumed, were to be proved by the minutes of the justice or by his testimony *ore tenus* and an objection to an offer in the alternative, is always well taken. *Daniels vs. Patterson,* 3 Comst., 47.  2. The minutes were not admissible to prove the facts offered, R. S. 678., sec. 77 ; or if the minutes are admissible to prove the facts assumed, then they are better evidence of these facts than testimony *ore tenus* and the objection is transferred to that part of the offer.  3. The facts which were offered to be proved were immaterial, and if they all existed and there still had been no adjudication upon the question, this court cannot say there was error. *Daniels vs. Patterson,* 3 Comst. 49.  Counsel also cited *Woodward vs. Hill,* 6 Wis. 143, to show that the former adjudication would be no bar.

*By the Court,* COLE J.  It appears to us the circuit court erred, in excluding the evidence offered to show the identity of the matter litigated in the former suit with the one in issue here.  The appellant had set up in his answer, that the identical claim herein, was in issue and adjudged in a former suit and relied on the estoppel.  He offered to show on the trial, by the minutes of testimony taken by the justice in the action of Simon P. Damp and Andrew J. Damp against the respon-

dent, and by the justice before whom that action was tried, *that the identical claim herein was in issue and was adjudged* in said action; that the plaintiffs recovered in that action as co-partners; that the claim in this suit was for money had by one of the partners on a partnership account; and that it was merged in that judgment. This is the substance of the offer, and we fail to perceive any valid ground for rejecting the evidence. In disposing of the case, we must, of course, assume that the appellant could make good this offer. The question is, was not the evidence admissible and competent to prove the issue made by the pleadings? We are clearly of the opinion that it was. The offer is clear, unambiguous and precise; to prove, both by the justice and by the minutes of testimony taken by him on the former trial, that the identical claim sued on here had been in issue in another suit, and had passed into judgment. What valid objection could there be to the admission of this evidence. It is said that this offer is uncertain. But how so? Can any one be in doubt as to what the appellant proposed to prove? I think it would be difficult to make an offer more precise and intelligible. It is insisted that the offer was objectionable because it did not appear from it whether the facts assumed, were to be proved by the minutes of the justice or by his own testimony *ore tenus*. The offer was, to prove by the minutes and the justice, certain matters. The offer is not in the alternative. The offer is not like the one commented upon in *Daniels vs. Patterson,* 3 Coms., 48, which the court say is ambiguous and fairly open to two constructions. The offer here is " in such plain and unequivocal terms as to leave no room for debate about what was intended " to be proved.

It is further objected that the minutes of the justice were not admissible. Concede, for the purpose of the argument, that this was so; still what objection was there to establishing the fact by the parol testimony of the justice? Whenever a question is made respecting the identity of the matters litigated

in the first suit, parol evidence is admissible to show what transpired on the former trial, and thus explain the record, *Parker vs. Thompson*, 3 Pick., 429; *Cist vs Zeigler*, 16 S. & R., 282; *Wood vs. Jackson*, 8 Wend., 9; *Gardner vs. Buckbee*, 3 Cowen, 120; *Burt vs. Stemburg*, 4, id., 559. See also section 97, chap. 139, R. S. We do not suppose it would vitiate the offer because the appellant might propose incompetent, as well as competent evidence to prove the issue. The testimony was divisible, and the good should have been accepted.

The principle is well settled, that if the claim sued upon in this action was litigated in a former suit, the matter cannot again be drawn into controversy. This principle is too elementary to require the citation of authorities to support it. There is nothing in the case of *Woodward vs. Hill*, 6, Wis., 143, which the counsel for the respondent relied upon, to impeach or question the integrity and justice of this well established doctrine.

There can be no doubt that the pleadings in the case of *Simon P.* and Andrew J. Damp would admit proof of the payment of the money sued for in this action; and if that matter was really in issue in that suit, and adjudicated, it is contrary to all the authorities to permit the respondent to again contest the same thing over. There would be no end to litigation if such a doctrine should prevail.

For the reasons above given, the judgment of the circuit court must be reversed, and a new trial ordered.