Loring, J.,
delivered the opinion of the court:
The petitioner was a lieutenant colonel in the second regiment of Kansas volunteers, from the 7th day of January, 1862, to the 27th day of January, 1865, when he was honorably discharged. During the term of his service he was entitled to keep, and actually kept, two private servants ; and he alleges that from the 1st day of May, 1864, to the 27th day of January, 1865, he was entitled to receive thirty-two dollars per month as pay for his said two servants, but that he has been paid only at the rate of twenty-two dollars per month; and he now claims as a balance due him the sum of eighty-nine dollars, and this has been refused him by the United States.
By the act of April 24, 1816, (Stat. at' L., vol. 3, p. 297,) all officers were “ allowed for each private servant actually kept in service the pay, rations, and clothing of a private soldier, or money in lieu thereof.” And by the act of June 20, 1864, the pay of a private soldier was fixed at sixteen dollars per month from the 1st day of May, 1864, so that, by the operation of these two acts, the petitioner was entitled to sixteen dollars per month for each of his two servants from the 1st of May, 1864. But the assistant solicitor objected on the part of the United States to this operation of the act of 1864, that the 3d section of the act of March 2, 1867, enacted as follows: “ That the act entitled ‘An act to increase the pay of soldiers in the United States army, and for other purposes,’ approved June 20, 1864, shall not he so construed as to increase the emoluments of the commissioned officers of the army at the date of its passage.”
This clause in form directs as to the construction of the act of 1864, and to construe acts is the province of the judiciary. In The United States v. Dickson, 15, P., 141, the Supreme Court of the United States decided that “ the judicial department must determine the construction of all laws involved in cases before them according to their own views.” (Curtis’s Digest, p. 104.) But it is also the duty of the judiciary to give to the acts of the legislature their intended practical operation, as far as that is possible, and we think it clear that the legisla- *450 lure intended to prevent tbe use of tbe statute of 1864 as a measure for computing tbe pay of officers’ servants, and that tbe words of tbe clause cited are competent to effect that purpose from the date of its enactment. In tbe case of The Postmaster General v. Early, 12 Wheat., 148, Chief Justice Marshall, delivering tbe opinion of tbe Supreme Court, said: “ A mistaken opinion of tbe legislature concerning tbe law does not make law. But if tbe mistake is manifested in words competent to make tbe law in future, we know of no principle which can deny them this effect. Tbe legislature may pass a declaratory act which, though inoperative on the past, may act in future.”
We think the clause quoted is such a declaratory act; that it makes the law from its date to the extent we have attributed to it, i. e., in preventing the use of the act of 1864 as a measure in computing the pay of officers’ servants. But we think it is not to have any retrospective or retroactive effect, because such an operation of a statute on rights vested by contract conflicts with general rules and all judicial and legislative instincts. Mr. Dwarris (p. 540) says: “ It is in the general true, say the books, that no statute is to have a retrospect beyond the time of its commencement, for the rule and law of Parliament is that nova constitwtio futuris, formave debet imponere, non preeteritis. And not only is it the doctrine of the English law that a statute is not to have a retrospective effect, but it is also founded on the principles of general jurisprudence. A retroactive statute would partake in its character of the mischief of an ex post facto law as to all cases of crimes and penalties, and in matters relating to contracts or property would violate every sound principle.” And his rule as to the retrospective construction of a statute is, (p. 541:) “ It will only be so construed where the words eoerce the court to give the law an ex post faeto operation.” There are no such words here, and the general rule that a statute takes effect from its date answers and overrules the objection made by the assistant solicitor.
The third section of the act of March 2, 1867, also enacts that the act of. March 3, 1865, “was not intended to be retrospective or retroactive in its operation, and shall not be so construed.” But the act of March 3, 1865, was passed after the petitioner was- discharged from the army, and he does not claim under it or need it, and therefore we are not in this case called upon to consider the clause quoted.
The decision of the court is that the petitioner is entitled to judgment for the sum of eighty-nine dollars,, and that a certificate be issued, to him to that effect.