## Case No. 6,662.

### HOME MUT. INS. CO. v. STOCKDALE.

[16 Int. Rev. Rec. 30; 4 Chi. Leg. News, 325.], Circuit Court, D. Louisiana. May, 1872.

STOCK COMPANIES — INTERNAL REVENUE TAX ON DIVIDENDS—CONSTRUCTION OF STATUTES— DECLARATORY ACT.

1. The plaintiff, an insurance company, paid to the defendant, as collector of internal revenue, upon his demand therefor, a tax alleged to have accrued upon a dividend which was declared on the 17th of January, 1870, of its earnings for the year ending December 31, 1869, and made payable on or before the 15th of March, 1870, and brought this suit against the collector to recover the amount so paid, and the court held, after considering the vari-

ous sections of the internal revenue law relating thereto, that the section which authorized corporations to act as agent of the government for the collection of the tax upon their dividends was not extended by legislative construction, and that agency expired with the law; that it was only by express authority conferred in the act that they could retain the tax upon payment of dividends; that when the plaintiff's dividend became payable in March, 1870, it was without authority to withhold the tax claimed; that if effect is given to the act of July 14, 1870 [16 Stat. 256], and the expired statute is construed to extend over the intervening time, it would impose retroactively the liability of an agent upon the plaintiff without the possibility of its fulfilling the duties thereof in withholding the tax from its dividend because it had already paid the same.

2. The legislature may pass a declaratory act, which, though inoperative on the past, may act in the future.

[Action by the Home Mutual Insurance Company of New Orleans against Sidney A. Stockdale, collector of internal revenue, to recover a tax illegally exacted by the defendant.]

Case & Rouse, for plaintiff.

J. R. Beckwith, U. S. Atty., for defendant.

DURELL, District Judge. This suit is brought to recover $2,871.68, paid by plaintiff to defendant as collector of internal revenue, upon his demand therefor, as a tax alleged to have accrued upon a dividend, which was by the plaintiff declared, and made payable in 1870. The suit was originally commenced in the Fourth district court for the parish of Orleans, and was removed to this court by writ of certiorari. The parties having waived a jury and agreed upon and filed a statement of facts, submit the cause to the court for its judgment thereon. The facts agreed upon may be substantially stated as follows: The plaintiff is a corporation engaged in the business of fire and marine insurance. Upon the 17th day of January, 1870, it declared a dividend of its earnings for the year ending December 31, 1869, amounting to the sum of fifty-seven thousand four hundred and thirty-three dollars, which dividend was payable on and after the fifteenth day of March, 1870, without deduction of tax. The assessor of internal revenue assessed a tax upon said dividend and surplus profits, at the rate of five per centum thereof, and returned the same to the defendant, collector of internal revenue, who demanded and received payment thereof from the plaintiff. The plaintiff having first appealed to the commissioner of internal revenue for the refunding of the amount so paid, and its appeal having been rejected, brought this action.

The question to be considered is, whether or not there was any legal warrant for assessing and collecting such tax. If there was, it is conceded that it must be found in the internal revenue act of June 30, 1864

[13 Stat. 223], and acts supplementary thereto. Section 120 of the act of June 30, 1864, as amended July 13, 1866 [14 Stat. 98], provides: "That there shall be levied and collected a tax of five per centum on all dividends in scrip or money thereafter declared due, wherever and whenever the same shall be payable, to stockholders, policy holders, or depositors, or parties whatsoever, including non-residents, whether citizens or aliens, as part of the earnings, income, or gains of any bank, trust company, savings institution, and of any fire, marine, life, or inland insurance company; * * * and on all undistributed sums, or sums made or added during the year to their surplus or contingent fund"; and the corporations so taxed were authorized to deduct the amount of the tax upon the payment of their dividends. It is under this statute that the assessment and collection of said tax is sought to be justified; and looking to it alone, would appear to be so. But when we look at other sections of the act, standing in conjunction with it, we find it is only a part of the machinery of the law for the collection of the tax upon incomes. The 116th section of the act, as amended March 2, 1867 [14 Stat. 478], imposes a tax of five per centum upon the "income of every person residing in the United States, or of any citizen of the United States residing abroad, whether derived from any kind of property, rents, interests, dividends or salaries," etc. The 117th section, as amended, provides what items of income shall be included in the statement or return thereof, which is required to be made to the assistant assessor by the 118th section; and it expressly excepts, "the amount of income received from institutions or corporations, whose officers, as required by law, withhold a per centum of the dividends made by such institutions, and pay the same to the officer authorized to receive the same." The reason of the exception is obviously because of the different method of collecting the tax upon such items of income, provided by the sections following. Mr. Justice Strong, in the case of Philadelphia & R. R. Co. v. Barnes [Case No. 11,087], reviews this question at length, and in his very able opinion given in that case, says: "It is indispensable to a correct understanding of the statute, that all its sections relating to the same subject should be read and considered together. Those numbered from 116 to 123 inclusive, are all classified under the title 'Income,' and they manifestly relate to the same subject; together they constitute a system devised to impose and collect a tax upon income and gains from any source whatever. The subject of the tax is one and the same though consisting of numerous constituents. But the mode of assessment and of collection is different, as applied to the constituents of income. Of a portion of his gains the taxpayer is required to make a return to the assistant assessor,

and himself pay the tax on that portion to the district collector. But a different mode of collection is prescribed for the tax upon dividends of banking, trust and insurance companies by the 120th section of the act. * * * Still the tax is upon the individuals whose gains such dividends and interest are, and it is a tax at the same rate as that collected from other incomes, but the corporations are made the agents of the government to collect it." And the learned judge comes to the conclusion that the taxes imposed by the 120th section of the act are the same as are imposed by the 116th section, to wit: taxes upon income, in which conclusion I concur. The supreme court, in Northern Cent. R. Co. v. Jackson, 7 Wall. [74 U. S.] 262, affirms the same doctrine.

It follows, then, that whatever limitation was imposed upon the income tax applies as well to the taxes upon dividends imposed by the 120th section. The limitation is found in section 119 as amended March 2, 1867, which provides "that the taxes on incomes herein imposed shall be levied on the 1st day of March, and be due and payable on or before the 30th day of April, in each year, until and including the year 1870, and no longer." It is elsewhere provided that the taxes so to be levied were to be levied upon the incomes "for the year ending the 31st day of December next preceding the time for levying, collecting, and paying said tax." Therefore the last levying of such tax being for the year 1870, it was limited to income of 1869. Section 119 imposes no tax. The reference to taxes on income "herein imposed" must be applied to all the taxes on income, to that received from dividends, as well as from other sources. Philadelphia & R. R. Co. v. Barnes [supra.] Has there been any legislation which could effect an extension of the time during which such tax could be imposed? The 17th section of the act, approved July 14, 1870 [16 Stat. 261], provides, "that sections 120, 121, 122, and 123, of the act of June 30, 1864 [supra], as amended, shall be construed to impose the taxes therein mentioned, to the 1st day of August, 1870." This act is simply declaratory of the opinion of congress, and not a re-enactment of the law itself. The construction of statutes belongs, not to congress, but to the judiciary, a co-ordinate branch of the government. So far as congress assumes to give construction to existing acts to govern the decisions of the courts as to cases which have arisen or are pending, it is judicial; and as the judicial power is, by the constitution, vested solely in the courts, and withheld from congress, such acts are inoperative, except in futuro. "The legislature may pass a declaratory act, which, though inoperative on the past, may act in future." Postmaster v. Early, 12 Wheat. [25 U. S.] 136. See, also, U. S. v. Dickson, 15 Pet. [40 U. S.] 162; Bassett v. U. S., 2 Ct. Cl. 448; Aurora Borealis v. Dob-

bie, 17 Ohio, 125. The law thus sought to be extended by legislative construction created the corporations whose dividends were taxed under it, the agents of the government for the collection of the tax. That agency expired with the law. It was only by virtue of the express authority conferred in the act that they could retain the tax upon payment of dividends. Hence, when the plaintiff's dividend became payable in March, 1870, it was without authority to withhold the tax claimed, and it paid said dividend in full. If we give effect to the act of July 14, 1870, and construe the expired statute to extend over the intervening time, it would impose retroactively the liability of an agent upon the plaintiff, without the possibility of its fulfilling the duties thereof in withholding the tax from its dividend, because it had already paid the same. This result of construction could hardly have been contemplated by congress, and I do not deem it proper to give effect to it. In my opinion, it can only affect cases arising after its passage, if not inconsistent with other legislation. I am, therefore, of the opinion that the assessment and collection of the tax in this case was without authority of law, and that the plaintiff is entitled to recover the amount paid with interest. Let there be judgment accordingly.

The same judgment, in suits of the same nature, was rendered in favor of the Atlantic Insurance Company, the Union National Bank of New Orleans, the Sun Mutual, Germania, and Merchants' Mutual Insurance Companies, the Citizens' Bank of Louisiana, the Union Insurance Company, the New Orleans Mutual Insurance Company, the Pelican Insurance Company, the New Orleans Canal and Banking Company, the Crescent City Railroad Company, the Orleans Railroad Company, and the Vallette Dry Dock Company.