Lawrence vs. The City of Milwaukee.

---

LAWRENCE vs. THE CITY OF MILWAUKEE.

JUDGMENT AS BAR. *(1) Who bound by judgment. (2) Case stated.* STATUTES. *(3) When invalid provision invalidates the whole statute.* CAUSE OF ACTION. *(4)* Quantum meruit, *where contract void.*

1. A valid judgment is conclusive upon parties and privies in respect to the ground covered by it and the law and facts necessary to uphold it.

2. One W. brought suit against the defendant city and one M., to restrain the issue of a certificate of a special assessment upon W.'s lots for an improvement made by contract let by the city to M. under ch. 322 of 1875.

That act provided that one-third of the contract price of the work should be paid in certificates against lots assessed for the improvement; and the terms of M.'s contract entitled him to receive certificates on certain lots of W. The complaint in W.'s action alleged that the contract was unauthorized; the city alone answered; and the court held that said ch. 322 was void, and the city without authority to enter into the contract, and rendered judgment as demanded. The present plaintiff, as assignee of M., sues the city on M.'s contract for the amount of said assessment on W.'s lots. *Held*, that he is bound by the determination in the former suit that the contract of M. with the city was void, that determination being necessary to uphold the judgment.

3. If the former judgment merely determines the invalidity of so much of ch. 322 as provides for assessing one-third of the cost of the improvement upon abutting lots, still, as it is manifestly improbable that the legislature would have passed the act without that provision, its invalidity renders the whole act invalid.

4. Whether the plaintiff may not maintain an action on a *quantum meruit* for the balance due M. for materials and work, is not here decided.

[RYAN, C. J., concurs in the judgment on the sole ground that this action cannot be maintained on a contract previously adjudged void in a suit to which plaintiff's assignor and the present defendant were parties.]

APPEAL from the County Court of *Milwaukee* County.

The facts stated in the complaint are as follows:

Pursuant to ch. 322, Laws of 1875, a contract in writing was entered into between one Samuel Martin and the defendant city, dated June 16, 1875, whereby Martin agreed to furnish the materials and do the work authorized by section 1 of that act, within sixty days; and the city agreed to pay therefor at the rate of $1.39 per square yard.[1] One-third of the contract price was to be paid in certificates against lots assessed for the improvement, and two-thirds thereof in orders on the proper ward fund. The contract appears to have been drawn and executed in accordance with the act of 1875.

---

[1] Sec. 1, ch. 322 of 1875, in terms authorizes the board of public works of the city of Milwaukee to cause certain streets to be paved with a wooden block pavement, and directs that one-third of the expense shall be assessed upon "the property fronting or abutting on" said streets, and that two-thirds shall be charged to the third ward fund. Sec. 2 provides for letting the contract, and declares that such contract shall require the contractor to receive as payment certificates against the lots fronting on said streets for one-third of the cost of the work, etc.

Martin performed the contract on his part, and the work was duly approved and accepted on behalf of the city by the board of public works.

Under the contract, Martin was entitled to receive certificates for $218.84 against certain lots on Chicago street abutting upon such improvement, belonging to one Charles H. Warner. Warner brought an action in the county court to restrain the city from issuing the certificates against his lots. Martin was made a defendant to that action, with the city, but interposed no defense thereto. The alleged grounds upon which the injunction was prayed were, that the contract between Martin and the city was irregular and unauthorized. The city answered, and defended against the action. The court rendered judgment perpetually enjoining the city from issuing, and Martin from receiving, such certificates. The judgment is founded on the following conclusions of law: "1. That said chapter 322 of the laws of 1875 is unconstitutional and void. 2. That said board of public works and said city had not legal authority to enter into the contract complained of, at the time when said contract was made. 3. That the plaintiff is entitled to the judgment demanded in the complaint."

Martin assigned his claim against the city for such materials and work to one Marks, who assigned the same to the plaintiff. On the foregoing facts the plaintiff demanded judgment for $218.84, and costs.

A demurrer to the complaint as not stating a cause of action was sustained, and plaintiff appealed from the order.

For the appellant, a brief was filed by *Flanders & Bottum*, and the cause was argued orally by *Mr. Flanders.*

*D. H. Johnson*, City Attorney, for the respondent.

LYON, J. The complaint states no cause of action *quantum meruit* for the materials furnished and labor performed by Martin. The value thereof is not alleged. Hence this action is upon the contract to deliver to Martin the certificates against Warner's lots, and upon that alone. If that contract is void, or if the plaintiff is estopped by reason of the judg-

ment in Warner's suit to assert its validity in this action, it is manifest that this action upon the contract cannot be maintained.

It is unnecessary to determine on this appeal whether the act of 1875 (and consequently the contract made under it) is valid or invalid, and that question will not be considered. The effect of the judgment in Warner's suit will alone be determined.

A question of fact once determined by a competent court is at rest between the same parties, and neither party can thereafter be heard to deny the correctness of the adjudication in a collateral action or proceeding. *Van Valkenburgh v. Milwaukee*, 43 Wis., 574. A judgment is conclusive upon the parties thereto, only in respect to the grounds covered by it and the law and the facts necessary to uphold it. *Lathrop v. Knapp*, 37 Wis., 307, and cases cited by the chief justice at p. 314. But to that extent it is conclusive upon the parties, as respects both the law and the facts. And these rules extend to and include persons in privity with the parties, though not parties on the record.

The plaintiff is in privity with Martin, and equally with him is bound by the adjudication of the county court in Warner's suit. The result of the conclusions of law in that suit is, that the contract is void; for it was there determined that the city had no authority to enter into it. We think this determination was necessary to uphold the judgment; and hence, within the rules above stated, the plaintiff cannot be heard in this action to assert that the contract is valid.

If, however, the judgment be regarded merely as a determination that the portion of the contract which provides for issuing certificates against lots for one-third of the cost of the improvement, is void, the result is the same. That portion of the contract could be void only upon the ground that the corresponding provision in the act of 1875 is void. It is the law of this state that when the void parts of a statute were evidently designed as compensation for, or inducements to, the other portions thereof, so that the whole considered together

warrant the belief that the legislature would not have passed the remaining portions alone, the whole statute is inoperative. *Slauson v. Racine*, 13 Wis., 398; *State ex rel. Walsh v. Dousman*, 28 id., 541. It requires no argument to show the improbability of the passage of the act of 1875 with the provision for paying one-third of the cost of the improvements which it authorized, eliminated therefrom. It necessarily follows that an adjudication declaring void the portion of the act under consideration is an adjudication that the whole act, and any contract entered into under it, is inoperative and void. We are unable to take any view of the case which will sustain an action by the plaintiff against the city upon this void contract.

Counsel for the plaintiff argued that, although the contract is void, the plaintiff may still recover on a *quantum meruit* any unpaid balance for the materials and work; and he cited many authorities to support his position. We are inclined to agree with him, but the question is not here on this appeal, and we leave it undetermined. If the plaintiff desires to test his right of recovery in that form of action, the county court will probably permit him to amend his complaint by inserting therein the proper averments.

RYAN, C. J. I concur in the judgment in this case, upon the ground that the appellant cannot maintain this action on a contract which has been adjudged to be void, by a judgment to which the appellant's assignor and the respondent were parties, and which is conclusive upon both. The appellant, of course, took no greater right than his assignor. But some things are said in the opinion of the court to which I am not prepared to assent.

*By the Court.* — Order affirmed.