Morgan and another vs. The Chicago, Milwaukee & St. Paul R. Co.

of the supervisors. We cannot think that such was the intention of the legislature. We think it certain that it was intended that the town should determine the repairs to be made, ascertain and fix the expense as near as possible, raise its one half thereof, and then make its application for aid. Such seems to have been the practice in the previous cases which have come to this court, and such seems the only reasonable and proper interpretation of the statute. We do not consider it necessary that the town should have adopted plans and specifications, but simply that it should have fixed the cost. It follows from these views that the demurrer should have been overruled as to that part of the return which alleges that no estimate of cost was ever made by the town, and the issue arising thereon should have been tried.

*By the Court.*— Judgment reversed, and action remanded for further proceedings in accordance with law.

MORGAN and another, Appellants, vs. THE CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Respondent.

*September 7 — November 15, 1892.*

Res adjudicata: *Judgment on verdict directed by the court.*

Defendant having moved the court to direct a verdict in its favor on each of the three causes of action stated in the complaint, the court directed the jury that the damages, if any, assessed against defendant, must be confined to the first and third causes of action, as the evidence in relation to the second cause was insufficient to authorize any damages. The jury returned a general verdict for plaintiffs, assessing their damages at a certain sum. *Held*, that as to the second cause of action this must be treated as a verdict in favor of defendant, and that the judgment thereon was a bar to a subsequent action for that cause.

Morgan and another vs. The Chicago, Milwaukee & St. Paul R. Co.

APPEAL from the Circuit Court for *Columbia* County.

On August 31, 1888, the plaintiffs commenced an action in the circuit court for Monroe county against the defendant, in which they claimed damages for three separate fires caused by the defendant to the plaintiffs' lands, situated in township 19 N., range 1 E., as hereinafter mentioned, and in the complaint therein alleged three several causes of action, to wit: For a first cause of action, $300 damage to the plaintiffs' lands in section 23 in said town, by fire, on or about July 7, 1886; for the second cause of action, $10,000 damage to their lands in sections 23, 25, 26, and 36, by fire, on or about August 7, 1886; for the third cause of action therein alleged, $5,000 damage to their lands in sections 23 and 26, by fire, on or about July 30, 1887; and prayed judgment for $15,300. The defendant separately answered each of said alleged causes of action upon the merits. Upon the close of the trial of said cause, October 15, 1888, the jury returned a verdict in the words following, to wit: "We, the jury in the above-entitled action, find for the plaintiffs, and assess their damages at the sum of $4,000." Thereupon the defendant's counsel moved the court to set aside the verdict and grant a new trial because the verdict was contrary to law and the evidence, and because the damages were excessive; but afterwards withdrew said motion, and made a new motion, upon the same grounds, that said verdict be set aside, and a new trial be granted upon the *first* and *third* causes of action. On February 7, 1889, the court overruled said motion, and on February 19, 1889, judgment was entered, reciting said verdict, and in favor of the plaintiffs and against the defendant, for the sum of $4,000 damages and $333.38 costs, amounting in the whole to $4,333.38. Said judgment was docketed February 19, 1889, and on February 26, 1889, the same was fully paid by the defendant, and satisfied of record.

On May 20, 1889, the plaintiffs commenced this action in

Morgan and another vs. The Chicago, Milwaukee & St. Paul R. Co.

the circuit court for Monroe county, for damages to their said lands in sections 23, 25, 26, and 36, by fire, caused by the defendant, August 7, 1886, *being the same fire and the same damages claimed in the second cause of action in said former suit.* The defendant answered, setting up said judgment in said prior suit in bar of this action. By stipulation the venue was changed to the county of Columbia. Upon the trial the plaintiffs introduced the testimony of certain witnesses which tended to prove the allegations of the complaint. The defendant offered in evidence the judgment roll in said former action. At the close of the trial the court directed the jury to return a verdict in favor of the defendant, which they did in the following language: " We, the jury, by direction of the court, find for the defendant." From the judgment entered upon that verdict the plaintiffs appeal.

For the appellants there were briefs by *Bushnell, Rogers & Hall,* and oral argument by *F. W. Hall.* They contended, *inter alia,* that for a judgment used as evidence to be conclusive *per se,* it must appear by the record of the prior suit that the particular controversy sought to be concluded was necessarily therein tried and determined. *Ward v. Price,* 1 Pin. 101; *Emmons v. Dowe,* 2 Wis. 353; *Driscoll v. Damp,* 16 id. 110; *Pfennig v. Griffith,* 29 id. 625; *Ressequie v. Byers,* 52 id. 652; *Bergeron v. Richardott,* 55 id. 129; *Packet Co. v. Sickels,* 5 Wall. 592; *Russell v. Place,* 94 U. S. 606; *Davis v. Brown,* id. 423; *Dutton v. Woodman,* 9 Cush. 255; *Perkins v. Walker,* 19 Vt. 144; 1 Greenl. Ev. sec. 532, note; Freeman, Judg. sec. 273. The issue as to whether or not this cause of action had been formerly adjudicated was one of fact for the jury. *Perkins v. Walker,* 19 Vt. 144.

*John T. Fish,* for the respondent.

CASSODAY, J.   It is conceded that the cause of action alleged in the complaint in this action is the same as the

*second cause* of action alleged in the complaint in the former action. This being so, it is manifest that the judgment in the former action is a bar to this action, unless such second cause of action was completely eliminated therefrom prior to the verdict therein, upon which the said judgment was entered. It is conceded that there was but one verdict or finding in the former action, and that was a general verdict, and is the one assessing the damages of the plaintiffs therein at $4,000, as mentioned in the foregoing statement. That case was tried before the judge of the sixth circuit, in Monroe county, but no bill of exceptions therein was ever settled before him. The only matters of record in that case are the pleadings, the verdict, and the judgment. Such record, standing alone, would cover and include said second cause of action, and hence be a bar to this action. This cause was tried before the judge of the ninth circuit, in Columbia county, and the proceedings upon the trial of the former cause, in respect to said second cause of action therein, were made to appear in this action on the hearing of the motion of the plaintiffs to set aside the verdict herein and for a new trial, and were presented in the form of affidavits of the official reporter, the clerk, and the judge who officiated upon such former trial, and the affidavits of others who were present at that trial and stated their recollections as to what occurred.

For the purposes of this appeal, we shall assume — what is most favorable for the plaintiff — that such parol evidence was admissible to show what occurred on the former trial, and thus explain that record. *Driscoll v. Damp*, 16 Wis. 106. There is some want of harmony in the affidavits and statements thus made. Had the defendant moved for a nonsuit, as claimed, and the same had been granted, it could not be successfully contended that the former judgment is a bar to this action. *Gummer v. Omro*, 50 Wis. 247. It is quite apparent, however, that no such mo-

tion was ever made, much less granted therein.   In fact the
plaintiffs would have had no right, under the statute, to
submit to a voluntary nonsuit after the argument to the
jury had been concluded or waived.   Sec. 2856, R. S.   The
defendant at first moved to set aside the verdict in the for-
mer action, and for a new trial; but afterwards, and on the
same day, withdrew that motion, and thereupon moved the
court to set aside said verdict, and for a new trial upon
the *first and third* causes of action therein, as mentioned in
said statement.   That motion having been overruled with
costs, judgment was entered thereupon, and then paid and
satisfied, as mentioned.

The question recurs, whether such second cause of action
was completely eliminated from the former case prior to
the rendition of such verdict therein.   Assuming that such
parol evidence is admissible to explain such former judg-
ment, then it conclusively appears therefrom that at the
close of the testimony the defendant's counsel requested
"the court to direct a verdict for the defendant in regard
to each separate cause of action set forth in the complaint,
both as regards the first, *second*, and third causes of action,
as a separate request for each one."   In disposing of the
defendant's request to direct a verdict in its favor, and
charging the jury, the presiding judge considered each of
the three causes of action separately; and in his affidavit
he says "that at the close of all the testimony in the case
defendant's attorney moved the court to direct a verdict
for the defendant on each cause of action; that what was
said by the court was intended and understood to be a de-
cision in favor of the defendant upon *its motion to direct a
verdict as to the second cause of action,* and the consideration
of said second cause of action was withheld from the *jury
by direction of the court* on account of *said motion and de-
cision.*"   So, in his charge to the jury, he said: "With re-
gard to the *second cause of action,* it is considered that *there*

*is not sufficient evidence* of negligence on the part of the defendant to justify a submission of that question to you. So you are not to consider the damage arising from a second fire, from the second cause of action. This is the fire of August 6, 7, 8, 1886. You are not to consider that at all." From these statements it is very clear that under the direction of the court the general verdict in favor of the· plaintiffs and against the defendant for $4,000 included no damage by reason of said second cause of action; in other words, the court directed the jury to the effect that whatever damages they assessed against the defendant must be confined to the first and third causes of action alleged, as the evidence was insufficient to authorize any damage as to the second cause of action alleged. This was nothing more, as to the second cause of action, than a direction to the jury to return a verdict in favor of the defendant as to that cause of action. This must be so, for, if there had been no other cause of action alleged, then the request to direct a verdict in favor of the defendant would necessarily have been granted.

We must therefore treat the general verdict returned, so far as the second cause of action is concerned, as a verdict directed in favor of the defendant. That presents the question whether a judgment on a verdict so directed in favor of the defendant is a bar to another action between the same parties for the same cause of action. It will be observed that such verdict was so directed in favor of the defendant because the evidence was insufficient to support a verdict in favor of the plaintiffs upon the second cause of action alleged. Nevertheless the issue upon that cause of action was tried upon the merits, and the determination thereof resulted in a verdict in favor of the defendant; and hence the judgment thereon is necessarily a bar to this action. *Dick v. Webster,* 6 Wis. 481; *Kalisch v. Kalisch,* 9 Wis. 529; *Van Valkenburgh v. Milwaukee,* 43

Wis. 574; *Lawrence v. Milwaukee,* 45 Wis. 309.   This rule maintains even where the essential facts are stipulated by the parties, and only "for the purpose of the trial." *Ibid.* Manifestly the rule is the same where, as here, a verdict is directed upon the undisputed evidence, and judgment entered thereon; otherwise every plaintiff who fails to prove the cause of action he has alleged, and is, therefore, defeated, is at liberty to bring a new action, for the same cause of action, against the same defendant.

*By the Court.*— The judgment of the circuit court is affirmed.

ORTON, J., dissents.