14  511
f39  436

[No. 2206.  Decided May 20, 1896.]

SAMUEL R. STERN, *Appellant*, v. WASHINGTON NATIONAL BANK, *Respondent*.

JUDGMENT — SUBSEQUENT ACTION — RES JUDICATA.

An item for services between certain dates, which the jury are instructed not to allow but upon which evidence was given and which does not constitute a separate cause of action, cannot, after final judgment in the case for the remainder of the claim sued upon, be recovered in a subsequent action.

One against whom a judgment is obtained for part only of the items claimed is not obliged to see that the judgment recites anything about the items rejected, in order to plead the judgment as a bar to a subsequent action on such item.

Appeal from Superior Court, Spokane County.— Hon. CYRUS HAPPY, Judge *pro tem*.  Affirmed.

*Samuel R. Stern*, for appellant.

*Blake & Post*, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an action by appellant against respondent for services as attorney at law alleged to have been rendered by appellant for defendant at his special instance and request, the reasonable price and value of which is alleged at $2,500.00.  Among other defenses interposed by the respondent was that of *res judicata*, viz., an allegation that on or about September 6, 1893, the plaintiff commenced an action against the defendant for the same cause of action as that set forth in the complaint herein; and the pleadings in the former case are set out in the case at bar, including the bill of particulars furnished by the plaintiff in the former case.

The allegation in the first complaint was that be-

tween the 15th day of February, 1893, and the 7th day of July, 1893, at the city of Spokane, Washington, the plaintiff performed services for the defendant at its request as an attorney at law, an itemized statement of which was attached, made a part of the complaint, and marked Exhibit A, and that the same were reasonably worth the sum of $3,770.00. The bill of items furnished and referred to above sets forth the dates of the services, including the following item, viz.,

"June 5th to July 6th,
To all services and counsel of every kind in all matters connected with the opening and reorganization of the Washington National Bank,    $2,500.00,"

with the footing of the whole amounts claimed, including the above mentioned $2,500.00, specified at $3,770.00.

In the complaint, the pleader set up further cause of action, alleging that between certain dates he had advanced money for defendant's use and at defendant's request, and the bill of items entitled Exhibit B sets forth these advancements to the amount of $35.03, for which judgment was also demanded.

Upon the trial of the former cause and after the testimony was all in, upon motion of the defendant's attorney the jury was instructed that they could not find for the plaintiff the sum of $2,500.00, the amount demanded for services rendered between the 5th of June and the 6th of July, and they were instructed not to consider the testimony bearing upon this proposition. The jury thereupon returned a verdict for the plaintiff for the sum of $1,305.00, and a motion for a new trial having been made by the defendant and overruled by the court, on motion of plaintiff's attorneys it was ordered

that he have and recover from the defendant the sum of $1,305.00 with his costs and disbursements. The present action is for the recovery of the $2,500.00 for services rendered between the 5th of June and the 6th of July, confessedly the same services for which the suit was brought in the first action. We think the contention of the respondent that the former adjudication is a bar to the one now under consideration must be sustained. The rule on this subject is summed up by Freeman on Judgments, § 272, where that author says:

"A judgment or decree is conclusive upon all causes of actions and all matters of defense presented by the pleadings and not withdrawn before or during the trial, except, 1. Where the plaintiff claims upon several and distinct causes of action, in which case he may, according to some of the authorities, maintain a second action upon any one of those causes upon which he can show that he offered no evidence at the trial of the former case; 2. Where the defendant pleads a matter as a defense which he might have successfully employed as a cause of action against the plaintiff."

It cannot be claimed that this case falls within the second exception, nor does it come within the first exception even if we should be inclined to follow the decision of those courts holding the liberal rule announced by the author quoted, for evidence was introduced upon the claim which was taken from the jury by the court, and more than all, as we view the pleadings in this case, this item was not pleaded as a separate cause of action. There was one separate cause of action pleaded and distinctly treated by the pleadings as a separate cause of action, viz., the item of the amount of money furnished for the benefit of and at the request of the defendant, and the bill of items which was furnished by the plaintiff recognizes this as a separate cause

33—14 WASH.

of action, and entitles the bill of particulars filed to sustain that cause, Exhibit B, while all the other items furnished are furnished under the title of Exhibit A, and in the bill of particulars itself the plaintiff alleged that no special contract was claimed to have been made by the plaintiff, but that his services were simply a continuation of such employment as he had theretofore had with the defendant, or were performed at the request of said resident directors through its cashier.

If the court erred in taking from the jury the consideration of this testimony, it was the duty of the appellant to have excepted and appealed from such decision of the court; if it did not err, of course the claim could not be sustained in any event.    The case of *Morgan v. Chicago, M. & St. P. Ry. Co.*, 83 Wis. 348 (53 N. W. 741), is decisive of the case at bar, although we do not have to go to the full extent of the rule announced in that case to sustain the judgment in this. We have examined the cases cited and relied upon by the appellant, but even if we should adopt the law as announced by them, and especially the case of *Secor v. Sturgis*, 16 N. Y. 548, upon which appellant mainly relies, we must still hold against his contention, for we think this case does not fall within the rule announced by any of those cases.    The action of the court was in effect a direction to the jury to return a verdict in favor of the defendant for the item of $2,500.00; so it was practically a finding in defendant's favor so far as that item was concerned.    No attempt was made by the appellant to have this item eliminated from the complaint, and, if his contention were to prevail, every litigant who fails to sustain a cause of action alleged could re-litigate the same cause of action in a new trial.    It is insisted by the appel-

lant that if the defendant wished to avail itself of the plea of former adjudication, it should have taken pains to see that the judgment which was entered recited a judgment against the plaintiff with respect to the $2,500.00 item, or it should have entered a judgment upon its own motion to withdraw from the jury the item in order that it might have such a judgment that it would be a bar.

We do not think there was any obligation on the part of the defendant to supervise the judgment against itself, but that the precautionary measures were imposed upon the plaintiff to see that the judgment rendered was not a bar to a subsequent action for a part of the cause of action set forth in this complaint, if he desired to avail himself of the benefit of another suit.   The view we take of this proposition renders an expression of opinion on the other propositions involved in the case unnecessary.

The judgment will be affirmed.

HOYT, C. J., and SCOTT and GORDON, JJ., concur.