(No. 5654. Decided August 2, 1905.)

VULCAN IRON WORKS, *Appellant,* v. KENT LUMBER COMPANY, *Respondent.*[1]

JUDGMENT—RES ADJUDICATA—ACTION ON CONTRACT—SAME ISSUE RAISED BY SUPPLEMENTAL COMPLAINT IN FORMER ACTION OF REPLEVIN— BAR. Where, in a supplemental complaint in replevin, the plaintiff claimed damages for the expense of shipping and repairing the logging engine replevied, a judgment in favor of the defendant, upon finding that the plaintiff had sustained no damages by reason of the detention and withholding of the property, is *res adjudicata* upon a subsequent suit between the same parties to recover damages for the expense of said shipment and repairs.

Appeal from a judgment of the superior court for King county, Albertson, J., entered March 6, 1905, upon a finding, in favor of the defendant, of a former adjudication, after a trial on the merits before the court without a jury, dismissing an action on contract. Affirmed.

*Benton Embree,* for appellant.

*John G. Barnes,* for respondent.

Mount, C. J.—Appellant brought this action to recover from respondent for two items under a contract of lease entered into between the parties, which items are as follows: (1) For the expenses of shipping a logging engine from Barnston to Seattle in King county, alleged to be $493.50, and (2) for repairs of said engine amounting to $62.34. The respondent pleaded a former adjudication, which was sustained by the trial court. Plaintiff appeals.

The facts are not disputed. It appears that the appellant in this action, some time in July, 1903, brought an action in replevin to recover possession of a certain logging engine, and for damages. At the time that action was begun, the property was delivered by the sheriff into the possession of the plaintiff therein. Thereafter, in September, 1903, the

[1]Reported in 81 Pac. 913.

appellant in this action, being the plaintiff in that action, filed a supplemental complaint, and alleged damages for removing the engine from the woods to Seattle, for unloading the same from a car, and for repairs to the engine, being the same items now sued for in this action. An answer was filed by the respondent, denying the allegations of the supplemental complaint. Thereafter, the replevin cause was tried before the court without a jury. Upon the trial, evidence was offered to prove the items set out in the supplemental complaint, excepting the item relating to the repairs to the engine, concerning which no evidence was offered. The respondent offered evidence to controvert the evidence offered by appellant on the items of the supplemental complaint. After the evidence was all in, the court found that appellant had sustained no damages by reason of the detention and withholding of said property by the respondent, and entered a judgment accordingly. No appeal was prosecuted from that judgment.

Subsequently, appellant brought this action to recover for the same items alleged in the supplemental complaint in the replevin action. The cause was tried to the same court and judge who tried the replevin action, and, upon the record in that case, the court found that there was a former adjudication of the issues in this case, and dismissed the action. We think these facts clearly show a former adjudication of the question in issue, and bring this case clearly within the case of *Stern v. Washington Nat. Bank,* 14 Wash. 511, 45 Pac. 37.

The judgment of the lower court is affirmed for the reasons therein stated.

CROW, ROOT, RUDKIN, and FULLERTON, JJ., concur.