Atkinson, J.,
delivered the opinion of the court:
On the 19th day of March, 1866, the claimants’ decedent in this case filed a claim under the captured and abandoned -property act approved March 12, 1863 (12 Stat. L., 820), for cotton taken from him by the military forces of the United States during the late civil war; and on June 25, 1867, the court found “ that the said William Markham had proved to the satisfaction of the court that he, the said Markham, had never given aid or comfort to the recent rebellion waged against the United States,” and a judgment, in conformity with said act, was rendered in the sum of $3,602.70, which amount was duly paid to him.
Thereafter, on the 2d day of March, 1903, said Markham, by the reference of a bill from the United States Senate, filed ■another claim against the United States for rental and use of certain buildings occupied by the United States Army in Atlanta, Ga., owned by him, for which he claimed the sum ■of $10,250. October 28, 1907, claimants’ attorneys filed a brief of the testimony as to the merits of the claim, but did not present any testimony as to their decedent’s loyalty, contending that inasmuch as the court had found him loyal under the captured and abandoned property act the matter of loyalty was res judicata. October 31, 1907, defendants filed a motion to strike claimants’ brief from the files for the reason that they had presented no evidence in the case as to their decedent’s- loyalty to the United States during the war of the rebellion. January 6, 1908, said motion was overruled by the court because it was held to be a matter of defense. The case was thereafter duly argued before the court, the main point in the hearing being whether the former finding of lo_yalty of claimants’ decedent under the captured and abandoned property act was res judicata in the case now before the court.
The defendants insist that the former decision of the court in a claim under the captured and abandoned property act can not be invoked in this case; that by such reference an independent jurisdiction is conferred upon the court under which all the facts must be reported, and if it should appear that any new material facts are presented touching the question of the loyalty of said decedent, it is not within the power or dis *523 cretion of the court to exclude them by the application of the doctrine of res judicata; that before said rule can be pleaded it’ must be clearly shown that there was no concealment of important facts from the court or fraud of any kind perpetrated which would lead to a mistake or in any way affect its judgment. (Le More v. United States, 39 Ct. Cls. R., 485.)
Claimants’ counsel rest their contention mainly upon the plea of res judicata, as the court has hitherto decided in the case of Rymarkiewicz v. United States (42 Ct. Cls. R., 1) and Daigle v. United States (ibid., 124), in which it was held in both of these cases that the rule of res judicata extends to all judicial determinations and to the findings of this court upon the issue of loyalty in certain congressional cases, and where it does not appear that competent evidence was overlooked by the court in a former trial or that the decision of the court was procured by fraud or was based on false testimony the question of a claimant’s loyalty can not be retried in a second suit under another statute.
In the case at bar the claimants’ decedent, when he filed his petition under the captured and abandoned property act, knew that loyalty to the Government of the United States was essential to enable him to recover payment for the cotton taken from him by the armies of the United States; and although under the then existing law he was not allowed to testify in his own behalf, yet that did not excuse him from making known to the court his relations to the Confederate government as a soldier in the state militia and also in furnishing supplies to said government.
While it is not charged that the evidence procured since the hearing of the case under the captured and abandoned property act reveals fraud directly, it does show a concealment of important facts which should at that time have been revealed to the court by the claimants’ decedent in order to enable it to arrive at a just and proper conclusion. The confederate archives were not then available, or at least they had not been classified and published, so that the Government could use the same in its defense. It is clearly evident, therefore, that all of the important facts, although in the breast of said decedent at the time, were not before the court *524 in the original trial; hence, we must overrule the claimants’ plea of res judicata and decide on the evidence before us that their decedent was not loyal to the Government of the United States throughout the late civil war.
It is ordered that the findings of fact, together with a copy of this opinion, lie certified to the Congress.